UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN JOHNSON,

                **Plaintiff,**

v.                                                      9:14-CV-0803 (BKS/TWD)

**JEFF MCKAY, GAIL HAPONIK,
JOSEPH BELLINIER, MAUREEN E. BOLL,
BRIAN FISCHER, DAVID ROCK,
THEODORE ZERNIAK, and
DONALD UHLER,**

                **Defendants.**
_____

**APPEARANCES:**

Plaintiff Pro Se
Jonathan Johnson
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

For Defendants:
Hon. Eric T. Schneiderman
Attorney General for the State of New York
by Ryan L. Belka, Assistant Attorney General
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202

**Hon. Brenda K. Sannes, United States District Court Judge**

MEMORANDUM-DECISION AND ORDER

INTRODUCTION

     Plaintiff pro se Johnathan Johnson commenced this action against Defendants Jeff

McKay, Gail Haponik, Carl Koenigsmann, Joseph Bellinier, Maureen E. Boll, Brian Fischer,

David Rock, Theodore Zerniak, and Donald Uhler, asserting claims under 42 U.S.C. § 1983 and New York state law arising out of his incarceration at Upstate Correctional facility. (Dkt. No. 5). After Defendants moved to dismiss the Complaint for failure to state a claim (Dkt. No. 2), the matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who issued a Report-Recommendation on March 4, 2015, recommending that Plaintiff be granted leave to amend his claim regarding denial of access to the courts, but denied leave to amend his claim regarding denial of access to prison grievance procedures. (Dkt. No. 19). On April 16, 2015, the Court adopted the Report-Recommendation in its entirety. (Dkt. No. 21).

On April 24, 2015, Plaintiff filed an Amended Complaint. (Dkt. No. 24). Plaintiff alleges that Defendants: (1) denied him access to the courts by depriving him of paper, mail, outside communications, and access to the prison law library; and (2) retaliated against him for filing lawsuits and grievance complaints. (Dkt. No. 24). On April 29, 2015, Defendants moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26). The matter was again referred to Magistrate Judge Dancks, who issued a Report-Recommendation on September 3, 2015, recommending that Plaintiff's claim for denial of access to the courts be dismissed with prejudice, but that Plaintiff be granted leave to amend his First Amendment retaliation claim against Defendants Donald Uhler and Theodore Zerniak. (Dkt. No. 30).

## DISCUSSION

Plaintiff filed objections to the Report-Recommendation on September 14, 2015, objecting only to the recommended dismissal of his access to the courts claim. (Dkt. No. 32). Plaintiff asserts that he "misconstrued the court's directions" that he must allege facts to

2

plausibly suggest a nonfrivolous underlying claim that has been frustrated by the Defendants' actions in order to state a claim for denial of access to the courts. (*Id.*, pp. 1-2). Plaintiff further states that he "can and should be granted leave to interposes [sic] the claims that he sustained injury…" (*Id.*, p. 2). Thus, Plaintiff requests leave to amend his claim and file a Second Amended Complaint. (*Id.*, p. 4). Defendants have not responded to Plaintiff's objections.

This Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Under *de novo* review, the Court must "examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte v. N.Y. State Div. of Parole*, No. 04 Civ. 484, 2006 WL 149049, at *5, 2006 U.S. Dist. LEXIS 2926, at *15 (N.D.N.Y. Jan. 18, 2006) (citing *United States v. Raddatz*, 447 U.S. 667, 675 (1980)). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.

Upon *de novo* review, the Court accepts and adopts the Report-Recommendation to the extent it recommends dismissal of Plaintiff's denial of access to the courts claim. Magistrate Judge Dancks accurately recounted the facts and procedural history of this case and employed the proper legal standards in finding deficiencies in Plaintiff's claim. However, in light of Plaintiff's pro se status and his representation that he misunderstood the Court's previous decision, Plaintiff will be granted leave to amend his denial of access to the courts claim. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (A pro se complaint should not be dismissed

3

"without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal citation omitted). As explained in the Court's decision dated April 16, 2015 (Dkt. No. 21), to state a claim for denial of access to the courts under § 1983, Plaintiff must allege facts to plausibly suggest: "(1) a 'nonfrivolous, arguable underlying claim' that has been frustrated by the defendants' actions, and (2) a continued inability to obtain the relief sought by the underlying claim." *Arar v. Ashcroft*, 585 F.3d 559, 592 (2d Cir. 2009) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, Plaintiff must specifically identify and describe the nonfrivolous claims or court cases that were frustrated by Defendants' actions.

Upon review of the remainder of the Report-Recommendation for clear error, the Court finds none. Plaintiff has failed to state a plausible claim for First Amendment retaliation against Defendants Uhler and Zerniak, for the reasons stated in the Report-Recommendation. As recommended by Magistrate Judge Dancks, Plaintiff will be granted leave to amend this claim.

## CONCLUSION

It is therefore

**ORDERED** that the Report-Recommendation (Dkt. No. 30) is **ADOPTED in part and REJECTED in part**; and it is further

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claim for denial of access to the courts is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's claim for First Amendment retaliation is **DISMISSED** without prejudice; and it is further

**ORDERED** that within 30 days of the date of this Memorandum-Decision and Order, Plaintiff may file a Second Amended Complaint limited to his claims for denial of access to the courts and First Amendment retaliation; and it is further

**ORDERED** that if Plaintiff fails to file a Second Amended Complaint within 30 days of this Memorandum-Decision and Order, this action will be dismissed; and it is further;

**ORDERED** that the Clerk of the Court shall serve on the parties a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

October 16, 2015
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

2006 WL 149049
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Rafael ALMONTE, Petitioner,
v.
NEW YORK STATE DIVISION
OF PAROLE, Respondent.

No. Civ. 904CV484GLS.    |    Jan. 18, 2006.

**Attorneys and Law Firms**

Rafael Almonte, No. 00-A-2216, Clinton Correctional Facility, Dannemora, New York, Plaintiff, pro se.

Hon. Eliot Spitzer, Attorney General State of New York, Department of Law, The Capitol, Albany, New York, for the Respondent.

Steven H. Schwartz, Asst. Attorney General, of counsel.

*Memorandum-Decision and Order*

SHARPE, J.

**I.** *Introduction*

 *1  Rafael Almonte challenges a New York State Parole Board decision denying him parole. *See Pro Se,* 28 U.S.C. § 2241 Habeas Corpus Pet. ("Petition"); *Dkt. No 1*. The petition was referred to Magistrate Judge David R. Homer, *see* 28 U.S.C. § 636(b) and L.R. 72.4, who recommended that it be denied. *See Dkt. No. 10.* Almonte filed a limited objection challenging only Judge Homer's conclusion that the Parole Board's decision was not arbitrary and capricious.[1] Having considered Almonte's objection, having reviewed Judge Homer's arbitrary and capricious conclusion *de novo* and the remainder of his report for clear error, the court adopts the Report-Recommendation in its entirety for the reasons stated by Judge Homer. Additionally, Almonte has procedurally defaulted, thus forfeiting his right to judicial review of all findings and conclusions except whether the Parole Board's decision was arbitrary and capricious.

**II.** *Background*

Following Almonte's 1989 conviction for drug possession, the Bronx Supreme Court sentenced him to an indeterminate term of six years to life imprisonment. After he was released to life-time parole in 1994, Almonte was arrested in 1996 for a conspiracy to commit robbery and to shoot a police officer. In 2000, he pled guilty to conspiracy and was sentenced to an indeterminate term of two to four years imprisonment. Because his 2000 conviction violated the terms of his earlier parole, his release was revoked and he was required to complete the remainder of his 1989 six years to life sentence.

When Almonte subsequently appeared before the Parole Board in July 2000, his release application was denied, and he was ordered held for two years before he could reapply. Almonte appealed. On March 29, 2001, the denial was vacated because the Division of Parole could not locate the minutes of Almonte's earlier appearance. On April 10, 2001, he reappeared before the Parole Board for a *de novo* hearing, parole was again denied, and the two year preclusion was re-instituted, effective from the date of his first appearance. That decision was affirmed on May 15, 2002. Twice more in 2002 and 2004, Almonte sought parole release and was denied.

Almonte's petition claims: (1) the Parole Board's 2001 decision violated New York's Executive Law and Code of Rules and Regulations; (2) the two year preclusion forbidding a renewed application was excessive; and (3) the Parole Board's failure to make a timely decision and its reliance on impermissible information violated his substantive and procedural due process rights.

In response, the Attorney General asserted that Almonte's claims should be denied because: (1) they are not cognizable on habeas review because there is no constitutional or statutory right to parole release; (2) they are moot since Almonte had two parole hearings which post-dated the 2001 hearing under attack; and (3) they are procedurally defaulted because the last state court considering the claims denied them on the basis of a state procedural bar, and Almonte failed to demonstrate either cause and prejudice or actual innocence.

 *2  Judge Homer's report carefully analyzed each of Almonte's claims. Judge Homer found that New York's parole scheme does not create a constitutionally protected liberty interest, and that Almonte's challenge was therefore limited to whether the Parole Board's decision was arbitrary and capricious. He then analyzed the relevant New York statutes, and articulated the reasons why the parole decision was not arbitrary and capricious and why Almonte was afforded the

process due. Judge Homer declined to reach the merits of the Attorney General's mootness argument, and resolved the issue of procedural default in Almonte's favor.

In the report's concluding paragraph, Judge Homer recited the standard warning that accompanies all reports issued in this district; namely:

> Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1983); *Small v. Secretary of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).
> 
> (emphasis in the original)

Almonte subsequently filed timely, but limited objections.[2] *See Dkt. No. 11 ("Almonte Objections").* He generally objected to Judge Homer's findings and conclusions, *id.* at ¶ 1, and supported his general objection by referencing the arguments in his original petition. *Id.* at ¶ 2. However, his only specific, written objection related to Judge Homer's conclusion that the Parole Board had not acted arbitrarily and capriciously. *Id.* at ¶¶ 3-5. Therefore, he procedurally defaulted and is not entitled to judicial review of Judge Homer's other conclusions.

### III. *Discussion*

**A.** *Legal Principles*

By statute and rule, district courts are authorized to refer habeas corpus petitions to Magistrate Judges for proposed findings and recommendations regarding disposition. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254. By local rule, the Northern District does so automatically, randomly referring all *pro se* state habeas corpus petitions to Magistrate Judges. *See* L.R. 40.1, 72.3(c), 72.4(a); General Order # 12, § D(1)(G).

When a report and recommendation is filed, the parties must comply with specified procedures if they seek statutorily mandated district court review. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254; L.R. 72.1(c). Thus, they have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses. *Id.* Although the statute and federal rules are clear, the local rules are clearer yet that parties must file written objections that specify the findings and recommendations to which they object, and the basis for their objections. *Cf.* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254 *with* L.R. 72 .1(c). The local rule is by no means inconsistent with the statute or federal rules, and is therefore legally enforceable. *See Whitfield v. Scully,* 241 F.3d 264, 270 (2d Cir.2001); *see also* FED. R. CIV. P. 83(a)(b).

**\*3** The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254; L.R. 72.1(c). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. §§ 2254.

If a party fails to object, or timely or specifically object, it procedurally defaults, and it is entitled to no judicial review whatsoever. *See Thomas v. Arn,* 474 U.S. 140, 149 & n. 7, 150, 152, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003); *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002); *Spence v. Superintendent, Great Meadow Correctional Facility,* 219 F.3d 162, 174 (2d Cir.2000); *DeLeon v. Strack,* 234 F.3d 84, 86 (2d Cir.2000); *United States v. Male Juvenile,* 121 F.3d 34, 38-39 (2d Cir.1997); *Federal Deposit Insurance Corporation v. Hillcrest Associates,* 66 F.3d 566, 569 (2d Cir.1995); *IUE AFL-CIO Pension Fund v. Herrman,* 9 F.3d 1049, 1054 (2d Cir.1993); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Limited,* 838 F.2d 55, 58 (2d Cir.1988); *Abehouse v. Ultragraphics, Inc.,* 754 F.2d 467,

473 (2d Cir.1985); *McCarthy v. Manson,* 714 F.2d 234, 237 & n. 2 (2d Cir.1983); *see also*FED. R. CIV. P. 72(b) advisory committee note (1983). Although the doctrine of procedural default developed as a Circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se,* receive clear notice of the consequences of their failure to properly object. *DeLeon v. Strack,* 234 F.3d at 86 (citing *Male Juvenile,* 121 F.3d at 38-39);*see also Thomas v. Arn,* 474 U.S. at 149 & n. 7 (statute does not preclude procedural default analysis at the district court level). As to *pro se* parties, the notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review, and cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. *Roldan v. Racette,* 984 F.2d at 89; *Frank v. Johnson,* 969 F.2d at 300. In this district, reports routinely recite the requisite warning, as did Judge Homer's in this case.

The doctrine of procedural default naturally flows from the Congressional expectation that highly credentialed men and women would fill the Magistrate Judge positions after the passage of the Federal Magistrates Act. *See Thomas v. Arn,* 474 U.S. at 148 & 152;*see also*28 U.S.C. § 631 (merit selection process). Thus, the Act was designed to provide district courts with additional assistance, and any requirement mandating district court review of Magistrate Judges' reports absent objections "would be an inefficient use of judicial resources."*Id.* at 148.

 *4 Although the failure to object or timely object constitutes procedural default, other factual predicates give rise to default as well. Thus, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See Cephas v. Nash,* 328 F.3d at 107 (citing *Mario v. P & C Food Markets, Inc.,* 313 F.3d at 766). Default occurs when objections are not specific or written, *Abehouse v. Ultragraphics, Inc.,* 754 F.2d at 473, and a general objection is not a specific objection. *Goney v. Clark,* 749 F.2d 5, 6-7 (3d Cir.1984); *Douglas v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir.1996); *Neuman v. Rivers,* 125 F.3d 315, 321-23 (6th Cir.1997); *Lockert v. Faulkner,* 843 F.2d 1015, 1019 (7th Cir.1988); *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1060 (10th Cir.1996); *Grosso v. Artuz,* No. 97 Civ. 1623, 1998 WL 542312, at *2-3 (S.D.N.Y. Aug.25, 1998) (citing *Thomas v. Arn,* 474 U.S. at 147-48). Resubmission of the same papers and arguments as submitted to the Magistrate Judge fails to comply with the specificity requirement because the local rule requires that objections address specific findings and conclusions. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 281 F.Supp.2d 436, 439 (N.D.N.Y.2003); *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (citing *Nettles v. Wainwright,* 677 F.2d 404, 410 (former 5th Cir. 1882) (*en banc* ) ("[i]t is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider. The rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.")); *but see Cicio v. John Does 1-8,* 321 F.3d 83, 90 n. 5 (2d Cir.2003). Furthermore, frivolous or conclusory objections fail to satisfy the specificity requirement. *Nettles v. Wainwright,* 677 F.2d at 410 n. 8; *Arbor Hill,* 281 F.Supp.2d at 439; *Camardo,* 806 F.Supp. at 382; *Brown v. Peters,* No. Civ. A. 95-CV-1641, 1997 WL 599355, at *2 (N.D.N.Y. Sept.22, 1997) (Pooler, DJ).

Because procedural default is non-jurisdictional, the district court retains discretion to disregard it in the interests of justice. *Cephas v. Nash,* 328 F.3d at 107 (citing *Thomas v. Arn,* 474 U.S. at 155). Such discretion is "based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party."*Spence,* 219 F.3d at 174 (citing *Theede v. United States Dep't of Labor,* 172 F.3d 1262, 1268 (10th Cir.1999); *Douglas,* 79 F.3d at 1428). As the Supreme Court has observed:

> [T]he district court ... must exercise supervision over the magistrate. Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction. The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua*

*sponte* or at the request of a party, under a *de novo* or any other standard.

**\*5** *Thomas v. Arn,* 474 U.S. at 154.

As noted, if the parties properly object, the court must conduct a *de novo* review, and may do so regardless. *De novo* review requires that the court " 'give fresh consideration to those issues to which specific objections have been made.' It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."*United States v. Raddatz,* 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (citing H.R.Rep. No. 94-1609, 94th Cong., 1st Sess. p. 3 (1976), U.S.Code Cong. & Admin. News 1976, p. 6163); *see also*12 Charles Alan Wright *et. al., Federal Practice and Procedure* § 3070.2 (2d ed.1997).28 U.S.C. § 636(b)(1) actually employs the phrase *"de* novo determination" rather than *"de novo* hearing," thus permitting "whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations."*Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989) (citing *Raddatz,* 447 U.S. at 676). When the district court makes its *de novo* determination, the parties have no right to present evidence not submitted to the Magistrate Judge. Nonetheless, the court retains the discretion to consider additional evidence although it should afford the parties notice. See *Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir.1998) (citing *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137-38 (2d Cir.1994); *Pan American World Airways, Inc. v. International Bhd. of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir.1990)).

The more complex question arises when a party procedurally defaults, the court is neither statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless. Under such circumstances, what standard applies? In short, the court may elect any standard it wishes.

28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard under such circumstances. However, the Rule 72(b) Advisory Committee Note suggests that the court will review for "clear error," stating:

> "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. See *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974), *cert. denied,*419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119, quoted in House Report No. 94-1609, 94th Cong.2d Sess. (1976) at 3. Compare *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

SeeFED. R. CIV. P. 72(b) advisory committee's note (1983). Numerous decisions cite the 1983 Note as persuasively requiring "clear error" review, but the value of that Note is undercut by dicta in the Supreme Court's 1985 decision in *Thomas v. Arn.*There, the Court stated: "[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard."*Arn,* 474 U.S. at 154.

**\*6** When reviewing reports despite procedural default, district courts have applied standards with varying names and definitions. Thus, some adopt the "clearly erroneous" standard that is articulated in the statute and federal rule governing review of a Magistrate Judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note. *See e.g. Martinez v. Senkowski,* No. 6:97-CV-0624, 2000 WL 888031, at \*3 (N.D.N.Y. June 28, 2000); *see also*28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Given the definition typically assigned to "clearly erroneous," the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed. *See Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Other courts have adopted a "contrary to law" standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure. *See e.g. Catskill Development, L.L.C. v. Park Place Entertainment Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y.2002); *Tompkins v. R.J. Reynolds Tobacco, Co.,* 92 F.Supp.2d 70, 74 (N.D.N.Y.2000). When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for "plain error." *See Spence,* 219 F.3d at 174 (citing *Douglas,* 79 F.3d at 1428 (5th Cir.1996) (citing *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Plain

error is one that is clear or obvious and affects substantial rights. *Spence,* 219 F.3d at 174.

Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not. When the court does so, however, it is aware that the reports are generated by Magistrate Judges with extraordinary professional and judicial experience. Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations. Absent *de novo* review, the court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights. Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues.

**B.** *Judge Homer's Report and the Objections*

In part, Judge Homer's report concludes: New York's parole statute does not create a protected liberty interest subject to the full panoply of due process safeguards; the two year preclusion forbidding Almonte from submitting a renewed parole application was consistent with the mandates of New York law, and therefore not excessive; Almonte's petition is not moot; and Almonte has not procedurally defaulted. Almonte has now procedurally defaulted on the first two findings because his objections regarding them were either nonexistent or non-specific. By failing to object whatsoever or file a response to Almonte's objections, the respondent has procedurally defaulted on the second two. Because these findings are not clearly erroneous, the court adopts them in their entirety for the reasons stated by Judge Homer.

**\*7** Judge Homer also concluded that the Parole Board decision was not arbitrary and capricious, and Almonte has specifically objected to that conclusion. The court has conducted a *de novo* review of Judge Homer's conclusion, Almonte's objection, and the underlying record.

As Judge Homer observed, the parole decision was not arbitrary and capricious if the Parole Board gave Almonte an opportunity to be heard and advised him of the reasons for denying parole. Almonte had three hearings, was heard during all three, and received written denial decisions. In his petition and in his objection, Almonte essentially argues that the Parole Board saw fit to release him after his first conviction, but refused to do so after his second because it impermissibly considered facts that were not part of his conspiracy conviction. To the contrary, the Parole Board was authorized to consider whether Almonte would lead a law-abiding life if released, whether his release was compatible with society's welfare, and whether his release would deprecate the seriousness of his crime thereby undermining respect for the law. *See Dkt. No. 10, Homer Report* at 5. In its decisions denying parole, the Board repeatedly referenced Almonte's prior convictions for possession of a loaded weapon, cocaine sales and conspiracy, but never referred to facts outside the record of those convictions. Furthermore, the Board specifically considered legitimate factors that arose after its original decision admitting Almonte to parole; namely, a probation revocation, a new conviction while under parole supervision, and the fact that his prior incarceration failed to deter him from continuing criminal behavior. *Id.* Having reviewed the underlying record *de novo,* there is no factual support for Almonte's bald conclusion that the Parole Board considered impermissible factors when reaching its decisions. Accordingly, Judge Homer's conclusion that the Parole Board's decision was not arbitrary and capricious is correct, and Almonte's petition is denied.

**IV.** *Conclusion*

For the reasons stated, it is hereby

ORDERED, that the Report-Recommendation of Magistrate Judge David R. Homer, filed on June 1, 2005 is ACCEPTED in its entirety for the reasons stated; and it is further

ORDERED, that this petition is DENIED in its entirety; and it is further

ORDERED, that the Clerk of the Court enter judgment in favor of defendant and close this case.

IT IS SO ORDERED.

**REPORT-RECOMMENDATION AND ORDER**[1]

HOMER, Magistrate J.

Petitioner Rafael Almonte ("Almonte") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS) at Clinton Correctional Facility. Almonte pleaded guilty to conspiracy in the fourth

degree on April 20, 2000 in Bronx Supreme Court and was sentenced to an indeterminate term of two to four years imprisonment. Due to a previous conviction, Almonte remains incarcerated serving a sentence of life imprisonment. Almonte now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that the decision denying him parole was arbitrary, capricious, and violated New York law, that the time from the decision on reconsideration was excessive, that the parole board denied his parole without justification, and that he was denied substantive due process when his request for parole was denied. For the reasons which follow, it is recommended that the petition be denied.

### I. Background

On October 17, 1989, Almonte was convicted of criminal possession of a controlled substance in the second degree in Bronx Supreme Court and was sentenced to an indeterminate term of six years to life imprisonment. Resp't Answer (Docket No. 7), Ex. 2 at 3. On December 9, 1994, Almonte was released under parole supervision for life. *Id.* On December 19, 1996, Almonte was arrested for conspiracy to commit robbery and shoot a police officer. *Id.* at 5. On April 20, 2000, Almonte pleaded guilty to fourth degree conspiracy in violation of N.Y. Penal Law § 105.10 and was sentenced to a indeterminate term of two to four years imprisonment. *Id.* at Ex. 1. As this conviction was a violation of parole, Almonte was required to complete the remainder of his sentence for the 1989 conviction of six years to life imprisonment.

Almonte appeared before the parole board in July 2000 and parole was denied. Resp't Answer at Ex. 4. On March 29, 2001, Almonte's appeal was granted because the Division of Parole was unable to locate the transcribed minutes of Almonte's July 2000 appearance. Almonte was thus scheduled to appear in April 2001 before the parole board. *Id.*

On April 10, 2001, Almonte re-appeared before the parole board and parole was again denied. Resp't Answer at Exs. 8, 11. On Almonte's appeal, this decision was affirmed on May 15, 2002.[2] *Id.* at Ex. 13. On May 8, 2002, Almonte appeared before the parole board and parole was again denied. *Id.* at Ex. 12. Almonte's parole was again denied on May 10, 2004. Almonte's appeal of this decision was pending as of the date this petition was filed. *Id.* at Exs. 15, 16.

Almonte challenged the April 2001 denial of his parole in an Article 78 proceeding[3] which was denied as moot due to Almonte's subsequent appearance before the parole board. *Id.* at Ex. 18. On March 7, 2003, Almonte filed a petition for a writ of habeas corpus pursuant to N.Y. C.P.L.R. § 7001, which was denied. *Id.* at Ex. 19. Both of these decisions were affirmed by the Appellate Division. *Almonte v. New York State Div. of Parole,* 2 A.D.3d 1239, 768 N.Y.S.2d 861 (3d Dep't 2003). The New York Court of Appeals dismissed Almonte's appeal on March 25, 2004. *Almonte v. New York State Div. of Parole,* 2 N.Y.3d 758 (2004) This action followed.

### II. Discussion

#### A. Parole Denial

Respondent first contends that Almonte's petition is not cognizable because Almonte does not have a liberty interest in being released on parole.

The Supreme Court has held that since "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," due process safeguards in parole hearings are only required if the state's parole statute creates an expectation of liberty.*Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), *Barna v. Travis,* 239 F.3d 169, 170 (2d Cir.2001). Furthermore, the mere possibility of parole does not, by itself, create a constitutionally protected liberty interest. *Greenholtz,* 442 U.S. at 11. The New York State parole scheme does not create a protected liberty interest. *Barna,* 239 F.3d at 171.

Almonte's challenge is therefore limited to whether he was denied parole for arbitrary or impermissible reasons. *Meachum v. Fano,* 427 U.S. 215, 226, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Boddie v. New York State Div. of Parole,* 288 F.Supp.2d 431, 440 (S.D.N.Y.2003)."[A]ll that the Board must do is (a) afford the inmate an opportunity to be heard and (b) if parole is denied, advise him [or her] of the reasons for its decision."*Blackett v. Thomas,* 293 F.Supp.2d 317, 319 (S.D.N.Y.2003). A review of the parole board's determination here does not reveal a violation of due process or state statute. Almonte had three parole hearings in 2000, 2001, 2002, and 2004. Almonte was given an opportunity to be heard and written opinions providing the bases for the board's determinations at each. *SeeGreenholtz,* 442 U.S. at 16.

Almonte contends that he should have been released on parole because he received an eligibility certificate and had served the minimum period of imprisonment. New York's parole statute vests broad discretion in the parole board when determining an inmate's release. N.Y. Exec. Law § 259-i(2)(c) (McKinney 2001). An inmate's institutional record must be considered by the board, but the board must also consider "if there is a reasonable probability that, if such inmate is released, he [or she] will live and remain at liberty without violating the law, and that his [or her] release is not incompatible with the welfare of society and will not so deprecate the seriousness of his [or her] crime as to undermine respect for law." N.Y. Exec. Law § 259-i(2)(c)(A). The "seriousness of [the inmate's] crime" is relevant both to the likelihood that the inmate will not be a danger to the community and to the independent requirement that early release not "deprecate the seriousness of his crime so as to undermine respect for law." Here, each time parole was denied, the parole board considered Almonte's previous convictions for possession of a loaded weapon and possession and sale of cocaine, that his probation was previously revoked, that he was under parole supervision at the time of the instant offense, and that prior incarcerations failed to deter him from continuing criminal behavior. Resp't Answer at Exs. 9, 12, 15. The factors considered here comply with New York law.

In ground two, Almonte contends that the twenty-four month wait for reconsideration was excessive. However, this is the period allowable by state law. N.Y. Exec. Law § 259 i(2)(a). In grounds three and four, Almonte also contends that the board considered charges that were dismissed when he pleaded guilty. The decision of the parole board in denying parole does not refer to the crimes that were dismissed and only refers to the conspiracy charge. Almonte has presented no evidence that the parole board's decision was based on factors other than those permitted by New York's statutory framework.

Therefore, the petition should be denied on its merits.

### B. Mootness

Respondent also argues in the alternative that Almonte's claim regarding the 2001 denial of parole is moot in light of his reappearance before the parole board in 2002 and 2004. Almonte argues that the state court's review of the denial of parole is futile because he would be eligible for a new parole hearing before the state court's appeal is complete. Traverse (Docket No. 8) at 6.

There exists support for the proposition that a subsequent parole hearing renders moot a challenge to a prior hearing. *Rodriguez v. Greenfield,* No. 99 Civ 0532(TPJ), 2002 WL 48440, at *4 (S.DN.Y. Jan. 10, 2002). However, other case law suggests that the issue in fact may not be moot and Almonte's argument that the state remedies are futile has been characterized as "potentially powerful." *Boddie,* 285 F.Supp.2d at 427-28; *Defino v. Thomas,* No. 02 Civ. 7413(RWS), 2003 WL 40502, at *3 (S.D.N.Y. Jan.2, 2003). However, this question need not be reached as Almonte articulates no due process violation. "Since [the] petition can easily be rejected on the merits, requiring submission of that petition to the state courts, with the likelihood that the same arguments will eventually be presented here in any event, would be a waste of the resources of both the state and federal courts." *Brown v. Thomas,* NO. 02 Civ 9257, 2003 WL 941940, at *1 (S.D.N.Y. Mar.10, 2003). Accordingly, it is recommended that respondent's argument on this ground not be addressed.

### C. Independent and Adequate State Ground

Finally, respondent contends that Almonte has procedurally defaulted on all claims raised in his petition.

A federal habeas court is precluded from reviewing a "question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Jones v. Stinson,* 229 F.3d 112, 117 (2d Cir.2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar. *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Jones,* 229 F.3d at 118. In order for federal habeas review to be procedurally barred, a state court must actually have relied on a procedural bar as an independent basis and the state court's reliance on state law must be unambiguous and clear from the face of the opinion. *Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 809 (2d Cir.2000); *Galarza v. Keane,* 252 F.3d 630, 637 (2d Cir.2001). We apply a presumption against finding a state procedural bar and "ask not what we think the state court actually might have intended

but whether the state court plainly stated its intention." *Jones, 229 F.3d at 118*.

The Appellate Division affirmed the county court's decision denying Almonte's Article 78 proceeding regarding the 2001 parole denial as moot and denying his state habeas petition. The Appellate Division did not plainly state that its judgment was procedural and the cases cited did not indicate that dismissal for mootness was a state procedural ground. There is no indication from the decision that the Appellate Division's decision was based on an independent and adequate state ground. Therefore, the Appellate Division did not clearly and expressly state that their decision rested on procedural grounds.

Accordingly, respondent's argument on this ground should be rejected.

### III. Conclusion

For the reasons stated above, it is hereby

RECOMMENDED that the petition for a writ of habeas corpus be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of HHS.* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

June 1, 2005.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 149049

---

Footnotes

1  This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.
2  Each of the denials barred Almonte from re-applying for parole for twenty-four months.
3  N.Y. C.P.L.R. art. 78 (McKinney 1994 & Supp.2005) establishes the procedure for judicial review of the actions and inactions of state and local government agencies and officials.
1  The Clerk is directed to append Judge Homer's report and recommendation to this decision, and familiarity is presumed.
2  The Attorney General did not object or respond to Almonte's objections.